IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02006-BNB

MICHAEL TERRELL WHEELER,

    Applicant,

v.

JAMES FALK, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Michael Terrell Wheeler, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado.  On July 29, 2013, Mr. Wheeler filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in Adams County, Colorado, district court Case No. 03CR2071.  Mr. Wheeler paid the $5.00 filing fee in a habeas corpus action.

    In orders filed on September 3 and October 8, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On October 31, 2013, after being granted an extension of time, Respondents submitted their pre-answer response (ECF No. 15).  Mr. Wheeler has not filed a reply, although he was afforded the opportunity to do so.  On February 3, 2014, Respondents submitted an amended pre-answer

response (ECF No. 18) that corrected formatting issues.

The Court must construe Mr. Wheeler's filings liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On April 21, 2005, Mr. Wheeler pleaded guilty in Adams County District Court Case No. 03CR2071 to second-degree murder, aggravated robbery, and a crime-of-violence enhancer. ECF No. 18, ex. A at 2-3, 10. On June 10, 2005, he was sentenced to consecutive sentences of thirty years on the second-degree murder conviction and sixteen years on the aggravated robbery conviction. ECF No. 18, ex. A at 9. On June 21, 2007, the Colorado Court of Appeals affirmed the sentences on direct appeal. ECF No. 18, ex. D (*People v. Wheeler*, No. 05CA1492 (Colo. Ct. App. June 21, 2007)). On September 17, 2007, the Colorado Supreme Court denied certiorari review. ECF No. 15, ex. F. Mr. Wheeler did not appeal to the United States Supreme Court. He filed numerous postconviction motions, all of which were unsuccessful. ECF No. 18, ex. A at 4-9.

On July 29, 2013, Mr. Wheeler filed the instant habeas corpus application raising one claim that the state violated the United States Constitution by instituting the case against him by way of an information rather than an indictment by a grand jury. ECF No. 1 at 5.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Wheeler's criminal case became final.  The Colorado Supreme Court denied certiorari review in Mr. Wheeler's direct appeal of his criminal conviction on September 17, 2007.  Mr. Wheeler did not seek a writ of certiorari from the United States Supreme Court.  As a result, his conviction became final ninety

days later, on Sunday, December 16, 2007, when the time in which he could have petitioned for review in the United States Supreme Court expired. *See* Sup. Ct. R. 13(1); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Because December 16, 2007, the ninetieth day after September 17, 2007, fell on a Sunday, the filing period extended until Monday, December 17, 2007. *See* Sup. Ct. R. 30.1. Therefore, the one-year limitations period for purposes of § 2244(d) began to run on December 17, 2007, the date that direct appeal concluded. *See Holland v. Florida*, 560 U.S. 631, 635 (2010).

The Court next must determine whether Mr. Wheeler's state court postconviction motions tolled the one-year limitation period. Pursuant to § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. The issue of whether a postconviction motion is pending is a matter of federal law. *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

The one-year period of limitation ran for **21 days** from December 17, 2007, until January 7, 2008, when Mr. Wheeler filed a motion for reduction of sentence in Adams County District Court under Rule 35(b) of the Colorado Rules of Civil Procedure. ECF No. 18, ex. A at 8-9. On January 16, 2008, the trial court denied the motion. ECF No.

18, ex. A at 8.  Mr. Wheeler did not appeal, *id.*, and had forty-five days from January 16, 2008, until Monday, March 1, 2008, to do so.  *See* Colo. App. R. 4(b) (2011) (subsequently amended and adopted December 14, 2011, effective July 1, 2012, to allow forty-nine days for appeal).

An additional **270 days** ran against the limitations period, which was tolled by the filing of Mr. Wheeler's first Colo. R. Crim. P. 35(c) motion on November 26, 2008.  ECF No. 18, ex. A at 8.  After entering an order on January 6, 2009, allowing Mr. Wheeler to supplement the motion, *id.*, the trial court denied the motion on April 6, 2009.  ECF No. 18, ex. A at 7.  Mr. Wheeler did not appeal from the denial, *id.*, although he had forty-five days, or until May 21, 2009, to do so.  *See* Colo. App. R. 4(b).

Therefore, the limitations period began to run on May 22, 2009, and continued unabated for an additional **74 days**, or until August 4, 2009, when it expired.  Mr. Wheeler did not file his next postconviction motion until March 19, 2010, 227 days after the limitations period expired.  ECF No. 15, ex. A at 7.  The motion failed to toll the limitations period because it was filed after the limitations period expired.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). ("Only state petitions for post-conviction relief filed within the one year allowed by [the Antiterrorism and Effective Death Penalty Act of 1996] [(]AEDPA[)]] will toll the statute of limitations.").  Therefore, the application is untimely.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons.  *Holland*, 560 U.S. at 649.  Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing his rights diligently"

and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the habeas corpus applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978). Mr. Wheeler bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991). Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013); *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

A credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period in § 2244(d). *McQuiggin*, 133 S. Ct. at 1928. However, "tenable actual-innocence gateway pleas are rare." *Id.* To be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with

new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); see *McQuiggin*, 133 S. Ct. at 1935 (applying actual innocence test in *Schlup* to one-year limitation period in § 2244(d)). The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327; see also *McQuiggin*, 133 S. Ct. at 1928, 1935. Furthermore, untimeliness "bear[s] on the credibility of evidence proffered to show actual innocence." *McQuiggin*, 133 S. Ct. at 1936. Thus, "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *Id.* at 1928.

Mr. Wheeler fails to present any reasoned argument that the one-year limitation period should be tolled for equitable reasons. Therefore, the Court finds no basis for equitable tolling in this action. For these reasons, the Court finds that this action is barred by the one-year limitation period, and the action will be dismissed for that reason. Because the Court has determined that the entire action is time-barred, the Court need not address Respondents' alternative arguments regarding exhaustion of state court remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Wheeler files a notice of appeal he also must pay the full

$505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  4th  day of    February    , 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court